IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STANLEY S. BURDEN**, | Case N. 5:15 CV 00967 |
| Petitioner, | Judge Donald C. Nugent |
| v. | Magistrate Judge James R. Knepp, II |
| **JASON BUNTING, Warden**, | REPORT AND RECOMMENDATION |
| Respondent. | |

## INTRODUCTION

Currently before the court is the petition of Stanley S. Burden ("Petitioner"), a prisoner in state custody, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Warden Jason Bunting ("Respondent") filed a motion to dismiss with attached exhibits (Doc. 7), Petitioner opposed the motion to dismiss (Doc. 8), and Respondent filed a reply (Doc. 10). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 14, 2016). For the reasons discussed below, the undersigned recommends the Petition be dismissed as untimely.

Petitioner was convicted of one count of rape under Ohio Rev. Code § 2907.02(A)(1)(b) on December 13, 1995, following the entry of a plea of guilty the same day. (Doc. 7, Ex. 4). He was sentenced to serve a prison term of 10 to 25 years. (Doc. 7, Ex. 4). Petitioner is currently incarcerated at the Marion Correctional Institution, in Marion, Ohio.

**PROCEDURAL BACKGROUND**

*Trial Court*

Petitioner was indicted on two counts of rape against a victim under the age of thirteen in violation of Ohio Rev. Code § 2907.02(A)(1)(b) on September 26, 1995. (Doc. 7, Ex. 1). He pled not guilty to indictment Counts One and Two on October 6, 1995. (Doc. 7, Ex. 2). On November 15, 1995, Petitioner retracted his not guilty plea and pleaded guilty to Count One. (Doc. 7, Ex. 3). Count Two of the indictment was subsequently dismissed. (Doc. 7, Ex. 3). Petitioner was sentenced to an indefinite prison term of 10 to 25 years on December 13, 1995. (Doc. 7, Ex. 4).

On June 10, 1997, the trial court held a hearing and determined that Petitioner was a sexual predator pursuant to Ohio Rev. Code § 2950.09(C). (Doc. 7, Ex. 5). Two days later, the trial court issued a *nunc pro tunc* order to correct Petitioner's name in the body of the order.[1] (Doc. 7, Ex. 6). No direct appeals were filed.

*Motion to Dismiss a Void Sentence*

On October 22, 2013, Petitioner filed a motion to vacate what he characterized as a void sentence on the grounds that the June 12, 1995, *nunc pro tunc* order was improperly used to modify his sentence and that Ohio Rev. Code § 2950.09, the sex offender statute, should not have been retroactively applied to him. (Doc. 7, Ex. 7). The State filed an opposition to Petitioner's motion. (Doc. 7, Ex. 8). The trial court denied the motion on February 27, 2014, finding the arguments were barred by *res judicata* and noted that the *nunc pro tunc* order was used only for purposes of fixing a clerical error. (Doc. 7, Ex. 9). Petitioner filed an appeal of the trial court's denial, (Doc. 7, Exs. 10 & 11), which was dismissed by the court of appeals on

---

1. The original order correctly noted Stanley S. Burden in the case caption and in the copy line but used a different name in the body of the order in the last paragraph of the second page of the order.

2

October 8, 2014 (Doc. 7, Ex. 14). On October 22, 2014, Petitioner filed a notice of appeal to the Ohio Supreme Court and on November 12, 2014, filed a memorandum in support of jurisdiction. (Doc. 7, Exs. 15 & 16). The Ohio Supreme Court declined to accept jurisdiction in an order dated March 25, 2015. (Doc. 7, Ex. 18).

*Motion for Leave to File a Delayed Appeal*

On November 20, 2014, Petitioner filed a notice of appeal from the judgment of conviction entered on August 24, 1997. (Doc. 7, Ex. 19). Petitioner filed a contemporaneous motion for leave file a delayed appeal. (Doc. 7, Ex. 20). He asserted the same grounds in his delayed appeal that he asserted in his motion to vacate: 1) Ohio Rev. Code § 2950.09, the sexual offender statute, should not have been applied retroactively to him; and 2) that the June 12, 1995, *nunc pro tunc* order was an improperly used to modify his sentence. (Doc. 7, Ex. 20). The State opposed his request. (Doc. 7, Ex. 21). The court of appeals denied Petitioner the right to pursue a delayed appeal on December 18, 2014. (Doc. 7, Ex. 22). The court concluded that Petitioner had not satisfied the requirement of Ohio App. Rule 5(A) to demonstrate satisfactory reasons for waiting nearly 19 years to seek leave to file a delayed appeal. (Doc. 7, Ex. 22).

On January 2, 2015, Petitioner filed a notice of appeal from that order and on January 26, 2015, he filed a memorandum in support of jurisdiction in the Ohio Supreme Court. (Doc. 7, Exs. 23 & 24). The memorandum in support of jurisdiction asserted that the court failed to inform Petitioner of his right to appeal and right to appellate counsel. (Doc. 7, Ex. 24). By entry dated April 29, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 7, Ex. 26).

**FEDERAL HABEAS CORPUS**

On May 15, 2015, Petitioner filed[2] a federal petition for writ of habeas corpus. (Doc. 1). His petition raised two grounds for relief:

> **GROUND ONE:** State of Ohio Violated the Petitioners Right to Appeal His Sentence/Conviction to the Court of Appeals U.S. Constitutional Rights 5, 14 Amendments.
>
>> **SUPPORTING FACTS:** Under Ohio Law the State's provide the petitioner with a remedy to appeal his sentence/conviction by away of Crim. R.32(B) Appeal to the Court of Appeals R.C. 2505.02 where the court is require to notify the petitioner his right to appeal to the court of appeal. The trial court refuse or fail to notify the petitioner his right to appeal his sentence/conviction. The trial court refuse or fail to notify the petitioner of his right to have legal counsel on the first right of appeal.
>
> **GROUND TWO:** State of Ohio Violated he Petitioner Expost Facto Laws U.C. Constitution Amendment 5, 6, 14.
>
>> **SUPPORTING FACTS:** The State Court Classified the petitioner as a Sexual Predator Upon a State's Statute that was not enacted at the time the petitioner was convicted in '1995 R.C. 2950.09.

(Doc. 1) (sic).

*Preliminary Matters*

28 U.S.C. § 2254(a) authorizes the court to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." Plainly, Petitioner fits this classification as he is in custody at an Ohio penal institution pursuant to the judgment of the Summit County, Ohio common pleas court issued on December 13, 1995.

There is a dispute as to whether this petition was timely filed under the provisions of § 2244(d)(1). Respondent's motion to dismiss asserts the petition is untimely because the one year

---

2. Petitioner signed his petition for writ of habeas corpus on May 11, 2015. The petition was docketed on May 15, 2015. (Doc. 1).

4

limitation period expired on April 25, 1997. (Doc. 7). Petitioner contends that § 2244(d)(1) is not applicable to his petition as it was enacted five months after his conviction. (Doc. 8). In addition, he argues the merits of his petition and that an evidentiary hearing is necessary to resolve the issue of whether he was advised of his right to appeal. (Doc. 8).

## JURISDICTIONAL BAR

*Statute of Limitations*

The state has moved to dismiss the petition on the ground that it is time-barred under applicable law. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. § 2244(d). Under 28 U.S.C. § 2244(d)(1), the limitations period begins to run from the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's claims will be reviewed under subsections (A) and (D).[3]

---

3. Petitioner's first ground for relief indicates that he was not informed of his right to appeal at the time of his sentencing. Yet, he makes no argument and provides no evidence as to when he actually discovered this right; however, the Court will undertake an analysis of subsection (D) to determine whether a later date has been established for the commencement of the statute of limitations.

Preliminarily on April 24, 1996, after Petitioner's conviction and long before the filing of his habeas petition, AEDPA became effective. The AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See* § 2244(d)(1)(A). Petitioner argues this Court is without authority to apply § 2244 to his habeas application because his conviction became final five months before the enactment of the statute and § 2244(d)(1) imposes a new duty on him.(Doc. 8). However, the United States Supreme Court has determined that "an application filed after AEDPA's effective date should be reviewed under AEDPA." *Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Accordingly, AEDPA applies to Petitioner's May 2015 habeas petition.

Ground One of the petition arises from Petitioner's December 13, 1995, conviction – after a guilty plea – to one count of rape. (Doc. 7, Ex. 4). Ground Two of the petition arises from a June 10, 1997, hearing where Petitioner was adjudicated a sexual predator based on the trial court's findings that:

1) Burden pled guilty to two Counts of Rape[4] and was sentenced to 10 to 25 years with the Ohio Department of Corrections and Rehabilitation.
2) The victim was 12 years of age and the Defendant 25 years of age.
3) The Defendant was previously convicted of Corruption of a Minor and sentenced to one year at the Ohio Department of Correction and Rehabilitation. That victim was approximately the same age.

(Doc. 7, Ex. 5).

Petitioner did not pursue a direct appeal within the thirty days allowed under Ohio law after either his conviction or the later hearing. Rule 4(A)(1), Ohio R. App. P.

---

4. Petitioner actually pled guilty to one count of rape, not two. This appears to be a misstatement on the part of the trial court.

6

In order to determine the beginning of the statute of limitations period, "Sixth Circuit precedent dictates…that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman v. Bagley,* 487 F.3d 979, 984 (6th Cir. 2007). In *Bachman,* the Court found that petitioner's habeas application challenging the constitutionality of his conviction was untimely. In reaching this conclusion, the Sixth Circuit rejected petitioner's argument that the date of the designation as a sexual predator should have restarted the statute of limitations with respect to any claim related to his conviction. The court explained that the designation as a sexual predator started the running of a new statute of limitations period with respect to "challenges to the sexual predator designation *only.*" *Id.* at 983 (emphasis in the original). As Petitioner brings challenges to both his December 13, 1995, conviction (Ground One) and his June 10, 1997, sexual predator designation (Ground Two); pursuant to *Bachman*, the beginning of the statute of limitations period is different for each ground. However, as explained more fully below, the statute of limitations has run on both grounds by eighteen and seventeen years, respectively.

Ground One

*Section 2244(d)(1)(A)*

For petitioners whose criminal convictions became final prior to April 24, 1996, the effective date of the AEDPA, such petitioners are permitted a one-year grace period from the effective date of the statute for purposes of the statute of limitations created by 28 U.S.C. § 2244. *Harrison v. I.M.S*., 56 F. App'x 682, 685 (6th Cir. 2003) (finding petitioner whose conviction became final prior to the AEDPA had until April 24, 1997, to file his habeas application); *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea,* 187 F.3d 572, 577 (6th Cir.1999), *overruled on other*

*grounds* 530 U.S. 1257 (2000); *see also Artuz v. Bennett*, 531 U.S. 4, 6 (2000) (acknowledging that convictions becoming final before the AEDPA enactment receive a one-year grace period commencing on AEDPA's effective date). Therefore, because Petitioner's conviction became final prior to the enactment of the AEDPA, he had until April 24, 1997, to file his habeas petition challenging that conviction. As Petitioner filed his petition for habeas based upon Ground One eighteen years after the expiration of the statute of limitations, the Court should find the petition is untimely and barred by § 2241(d)(1)(A).

*Section 2244(d)(1)(D)*

Section 2244(d)(1)(D) allows for the statute of limitations period to begin running upon discovery of the "factual predicate" of the claim. A petitioner has the burden of persuading the court that he has exercised due diligence in the search for the factual predicate of his claim. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (unpublished) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). However, "merely alleg[ing] that the applicant did not actually know the facts underlying his…claim does not pass this test", *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997), rather a petitioner must pursue at least a reasonable investigation into his potential claims. *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006); *see also Poole v. Woods*, 2011 WL 4502372, n.11 (E.D. Mich); *McClesky v. Zant*, 499 U.S. 467, 497 (1991); *Johnson v. Dretke*, 442 F.3d 901, 910 (5th Cir. 2006).

Here, Petitioner makes no argument and provides no evidence regarding the date he actually discovered the right to appeal nor did he provide any to the state courts in his motion for leave to file a delayed appeal. (*See* Doc. 1; Doc. 7, Exs. 20, 22, 24; Doc. 8). Furthermore, Petitioner has never even asserted that he did not know of the right to appeal only that he was not informed of it at the sentencing; a small but important distinction when the central inquiry

8

regards personal knowledge. Thus, because Petitioner makes no statement as to when he allegedly discovered this right he has not carried his burden in proving due diligence. However for the sake of thoroughness, the Court will undertake an analysis of when "a reasonably diligent person in [Petitioner's] position could be reasonably expected to learn of his appeal rights." *DiCenzi,* 452 F.3d at 471.

Here, it is evident that Petitioner did not pursue a reasonable investigation into this right. Had Petitioner consulted anyone (including other prisoners) or any legal informational text during his 20 years of incarceration it would have been apparent he had the right to appeal – or at the very least would have caused Petitioner to inquire further as to his specific circumstances. Frankly, any claim that Petitioner could not have discovered this right in two decades is incredible. *See McIntosh v. Hudson*, 632 F. Supp.2d 725, 731-35 (N.D. Ohio 2009) (finding petitioner's claims were time-barred because he "did not act to discover any appellate rights for more than two-and-a-half years after his conviction."); *Vilardo v. Warden, Lebanon Correc. Inst.,* 2008 WL 4366036 (S.D. Ohio) (holding that a two year delay did not evidence due diligence); *Baker v. Wilson*, 2009 WL 313325 (N.D. Ohio) (holding petitioner did not establish due diligence in discovering right to appeal).

Even considering Petitioner's supposed ignorance; the statute of limitations can begin to run when a reasonable person would have discovered those facts. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("federal statutes use objective indicators as triggers" for statute of limitations purposes); *see also Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013) (finding reasonable people can exercise due diligence on the date of sentencing through simple inquiry). Further, even if Petitioner had learned of this right to appeal but did not recognize its significance, it does not excuse his failure. *See Owens*, 235 F.3d at 359 ("[T]he trigger in §

9

2244(d)(1)(D) is (actual or imputed) discovery of the claim's factual predicate, not recognition of the facts' legal significance…Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

Considering a reasonable prisoner, the ease of discovering a right to appeal, and the length of time between conviction and Petition this Court finds the Petitioner did not prove he diligently pursued the factual predicate of his claims. Thus, he did not meet the requirements of proving § 2244(d)(1)(D) applied to alter the commencement date of his statute of limitations.

Ground Two

In addition to challenging his December 13, 1995, conviction, Petitioner also challenges the June 10, 1997, hearing where the trial court determined he was a sexual predator; this hearing occurred after the enactment of AEDPA.  As discussed above, the Sixth Circuit in *Bachman*, determined that the designation as a sexual predator started the running of a new statute of limitations period with respect to "challenges to the sexual predator designation *only.*" *Id.* at 983 (emphasis in the original).  Petitioner failed to pursue a direct appeal within the thirty days allowed under Ohio law.  Rule 4(A)(1), Ohio R. App. P.  As a result, his one-year period to file a § 2254 federal habeas petition based upon the sexual predator designation began to run the day after the expiration of his original appeal period, i.e., July 11, 1997. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); Fed.R.Civ.P. 6(a)(1)(A). According to § 2241(d)(1)(A), his judgment become final on that date, i.e., upon the expiration of his time to seek review of his conviction. The one year statute of limitations expired a year later, on July 11, 1998.  Thus, Petitioner filed

his petition for habeas based upon Ground Two seventeen years after the expiration of the statute of limitations.[5]

Thus, the petition is untimely and absent tolling, should be dismissed.

*Statutory Tolling*

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review." *See also Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 459 (6th Cir. 2012). As detailed above, Petitioner filed two post-conviction motions. First, in October 2013, Petitioner filed a motion to vacate/dismiss a void sentence (Doc. 7, Ex. 7), which was denied based on the doctrine of res judicata (Doc. 7, Ex. 9). Second, in November 2014, he filed a motion for leave to file a delayed appeal (Doc. 7, Ex. 20), which was rejected by the court of appeals as untimely (Doc. 7, Ex. 22).

However, because all of his state court post-conviction motions were filed *after* the one year statute of limitations had expired; statutory tolling does not apply in this case. *Keeling,* 673 F.3d at 460. "The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Keeling*, 673 F.3d at 460. Thus, absent equitable tolling, the petition is untimely.

---

5. Petitioner does not argue that he was unaware of the right to appeal his sexual predator designation; however, even assuming he was not, the same conclusions about due diligence discussed above in regard to § 2244(d)(1)(D) apply to the second ground such that he is not entitled to a later date for the commencement of the statute of limitations.

11

*Equitable Tolling*

The court's conclusion that the statute of limitations has expired does not end the analysis of whether the petition is fully time-barred. The AEDPA's statute of limitations is subject to equitable tolling, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied,* 133 S. Ct. 187 (2012). *See also*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases."). But equitable tolling is only granted "sparingly." *Hall,* 662 F.3d at 749 (quoting *Robertson*, 624 F.3d at 784).

A habeas petitioner is entitled to equitable tolling only if he meets his burden to demonstrate that (1) "he has been diligent in pursuing his rights;" and (2) that "an extraordinary circumstance caused his untimely filing." *Hall,* 662 F.3d at 750; *see also Pace*, *v. Diguglielmo*, 544 U.S. 408, 418 (2005). Petitioner bears the burden of establishing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Further, a petitioner must show more than his *pro se* status to establish an exceptional circumstance. Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Applying these principles to Petitioner's case should lead the Court to the conclusion that equitable tolling cannot be applied to excuse his untimely petition. Petitioner did not argue for the application of equitable tolling in his response to Respondent's motion to dismiss, even the

though Respondent argued dismissal was appropriate on statute of limitations grounds. Because Petitioner bears the burden to establish the applicability of the doctrine, his failure to demonstrate that he meets the requisite criteria empowers the Court to give no further consideration to the issue.

*Actual Innocence*

In *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling; rather, it is a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner pled guilty at trial and has not argued that he is actually innocent. Absent a contention supported by sufficient evidence, the Court need not make any further analysis of the application of the exception.

Based upon the foregoing analysis, the Court should find the petition for writ of habeas corpus to be time-barred.

### EVIDENTIARY HEARING

Petitioner requested an evidentiary hearing to establish the merits of his claim that he was not advised of his right to appellate counsel. (Doc. 8). However, a petitioner may only receive an evidentiary hearing if his petition is not dismissed. Rule 8(a) of Rules Governing § 2254. Since, the petition is time-barred, an evidentiary hearing would be moot; thus, Petitioner's request is

13

DENIED. *See Carter v. MacLaren*, 2012 WL 1611255 (W.D. Mich); *Hill v. Lafler*, 2008 WL 718176 (E.D. Mich).

### CONCLUSION AND RECOMMENDATION

In view of the foregoing, the undersigned recommends the Court conclude that Petitioner's application for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244. Accordingly, the Court should grant Respondent's motion and dismiss the petition with prejudice. Additionally, Petitioner's request for an evidentiary hearing is denied.

s/ James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).