UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY S. BURDEN, | ) | CASE NO.:  5:15 CV 967 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING</u> |
| | ) | <u>MAGISTRATE'S REPORT AND</u> |
| | ) | <u>RECOMMENDATION</u> |
| JASON BUNTING, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

      This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II.   The Report and Recommendation (ECF # 12), issued on July 15, 2016, is hereby ADOPTED by this Court.  Petitioner filed this action requesting a writ of habeus corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his sentence, specifically his classification as a Sexual Predator, and an alleged failure to inform him of his right to appeal this classification.    The Respondent filed a motion to dismiss the petition on the basis that it is time-barred. (ECF #7).   Petitioner responded to the motion to dismiss, asserting that the limitations period under § 2254(d)(1) is not applicable because it was enacted after his conviction.

      The Magistrate Judge recommends that Petitioner's claim be dismissed as untimely under the Anit-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   The AEDPA

created a one-year statue of limitations for habeas petitions challenging their state court convictions. The United States Supreme Court has held that "an application filed after the AEDPA's effective date should be reviewed under the AEDPA. Woodford v. Garceau, 538 U.S. 202, 207 (2003). The Magistrate found that the AEDPA statute of limitations applied, and that under even the most lenient method of calculation the limitations period under the AEDPA, Petitioner's challenge was filed at least sixteen years too late.

Objections to the Magistrate's Report and Recommendation were due by July 29, 2016. Neither party has filed any objections. The Court has reviewed *de novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation in its entirety. (ECF # 12). The Respondent's Motion to Dismiss is, therefore, GRANTED. (ECF # 7). The §2254 petition is dismissed as untimely. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P**.** 22(b). IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   September 28, 2016